IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KENNETH DAVIS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No.  4:26-CV-00050-O |
| | § | |
| **NEWREZ, LLC, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss (ECF No. 5). Plaintiff did not file a response. After reviewing Defendants' Motion and the relevant caselaw, the Court finds that Defendants' Motion is **GRANTED**.

### I.    BACKGROUND[1]

Plaintiff Kenneth Davis ("Plaintiff") filed suit against Defendants Newrez, LLC, and PHH Mortgage Corporation (collectively "Defendants") on January 5, 2026, in Tarrant County District Court to stop a foreclosure sale of his property located at 306 Natchez Trail Mansfield, Texas (the "Property") scheduled for January 6, 2026.

In June 2006, Plaintiff obtained a mortgage loan from Option One Mortgage Corporation and in return signed a promissory note (the "Note") and granted the lender a lien on the Property through a Deed of Trust ("Deed of Trust").[2] Defendants, the mortgage servicers for the Property, removed the case to this Court on January 15, 2026.[3] Plaintiff's Petition alleges two causes of action: (1) violation of Texas Property Code § 51.002 and (2) breach of contract. Defendants move

---

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Original Petition. *See* Pl.'s Pet., ECF No. 1-5. At the 12(b)(6) stage, the facts are taken as true and viewed in the light most favorable to the Plaintiff. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).
[2] Defs.' Mot. Dismiss 1–2, ECF No. 5.
[3] *See generally* Notice of Removal, ECF No. 1.

to dismiss both causes of action based on Federal Rule of Civil Procedure 12(b)(6).[4] Plaintiff has not filed a response. Accordingly, Defendants' Motion is ripe for the Court's review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal

---

[4] *Id.* at 4–5.

conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

### III.    ANALYSIS

#### A.  Texas Property Code § 51.002

Plaintiff alleges "that he never received a notice of default or a notice of intent to accelerate" in violation of Texas Property Code § 51.002.[5] Defendants move to dismiss this cause of action because (1) § 51.002 does not provide for a private right of action and (2) any claim under § 51.002 is moot because a foreclosure sale did not occur.[6] The Court agrees with Defendants.

Section 51.002 does not provide for a private right of action—as such, courts have construed § 51.002 claims as claims for wrongful foreclosure. *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:22-CV-1916-K-BH, 2023 WL 2993406, at *7 n.4 (N.D. Tex. Mar. 31, 2023), report and recommendation adopted, No. 3:22-CV-1916-K-BH, 2023 WL 3000622 (N.D. Tex. Apr. 18, 2023). But even under a claim for wrongful foreclosure, Plaintiff still has not alleged a viable claim because, as Defendants argue, no foreclosure sale has occurred.[7] A "foreclosure sale is a precondition to recovery" under a wrongful foreclosure claim. *Ayers v. Aurora Loan Services, LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011). And because no foreclosure sale has occurred, "Plaintiff has not alleged an actual violation of the Texas Property Code." *Id.*

---

[5] Pl.'s Pet. 4, ECF No. 1-5.
[6] Defs.' Mot. Dismiss 4–5, ECF No. 5.
[7] *Id.*

### B.  Breach of Contract

Plaintiff alleges that "Defendants' foreclosure attempts without adhering to notice provisions constitute a material breach of the Deed of Trust."[8] Defendants argue that Plaintiff has not alleged a viable claim because he has not identified a provision of the deed of trust that Defendants violated, nor has a foreclosure sale occurred.[9] The Court agrees with Defendants.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)).

Plaintiff's breach of contract claim fails because he has not identified a specific provision of the Note or Deed of Trust that Defendants violated. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *see also Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach of contract claim where plaintiff did not specify which provision in the deed of trust was breached).

Moreover, Plaintiff fails to allege any damages sufficient to support his breach of contract claim because a foreclosure sale has not occurred. *See Jones v. Wilmington Sav. Fund Soc'y, FSB*, No. 4:21-CV-01055-O, 2022 WL 124641, at *3 (N.D. Tex. Jan. 13, 2022) (dismissing breach of contract claim where plaintiff did not adequately allege damages because he maintained possession of property); *see also Williams v. Freedom Mortgage Corp.*, No. 3:22-CV-01973-N, 2023 WL

---

[8] Pl.'s Pet. 5, ECF No. 1-5.
[9] Defs.' Mot. Dismiss 5, ECF No. 5.

1806023, at *2 (N.D. Tex. Feb. 7, 2023) ("In Texas, no damages are recoverable on a breach of contract claim where Plaintiffs have maintained title and continuous possession of the property.").

Thus, for multiple reasons, Plaintiff has failed to state a plausible claim for breach of contract.

IV.   **CONCLUSION**

Because Plaintiff has failed to state a claim upon which relief can be granted, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **22nd day** of **April, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**